UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARED DUNN,

    Plaintiff,

v.                                        Case No. 3:14cv594/MCR/CJK

MICHAEL D. CREWS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 20). Upon review of the complaint, the court concludes plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

BACKGROUND

    Plaintiff is an inmate of the Florida penal system currently confined at Madison Correctional Institution. Plaintiff's second amended complaint names three employees of Bay Correctional Facility (Bay CF) as defendants. (Doc. 20, p. 1-2).[1] The defendants are identified as warden John Doe, correctional officer John Doe, and pastor John Doe. (*Id.*, p. 2).

    Plaintiff alleges the warden and pastor of Bay CF "conspired with officers and inmates to harass plaintiff mentally, physically, and emotionally" in 2013 and 2014.

---

[1] References to page numbers are to those assigned by the electronic docket.

(*Id.*, p. 7). The warden "had inmates and staff place hair, spit, seamen [sic], rocks[,]" urine, and grease into plaintiff's food. (*Id.*, p. 8). Plaintiff "was continuously verbally threatened by officers and inmates to the point their behavior was both outrageous and reprehensible." (*Id.*, p. 7). The pastor at Bay CF harassed plaintiff "about issues that existed outside the place of [incarceration]." (*Id.*). Plaintiff asserts the warden "had full knowledge of plaintiff's issues and refused to address or control his facility." (*Id.*). Plaintiff was "injured mentally and emotionally" due to this "harassment." (*Id.*, p. 8).

The warden allegedly conspired with medical staff to "repeatedly withdraw blood from plaintiff without further testing or treatment after the blood was withdrawn." (*Id.*, p. 7). This was done to "harass plaintiff and stop him from treatment." (*Id.*). The warden also conspired with medical staff to provide inadequate treatment when plaintiff "went to medical with symptoms of 'ringing inside ears' or 'pressure' in head." (*Id.*, p. 8). Plaintiff received Milk of Magnesia when he complained of his "jaw tighting [sic] up." (*Id.*). Based on these allegations, plaintiff asserts the defendants have subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*, p. 7, 8). For relief, plaintiff seeks compensatory and punitive damages. (*Id.*, p. 9).

## LEGAL STANDARD

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v.*

*Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v.*

Case No. 3:14cv594/MCR/CJK

*Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

## DISCUSSION

Although plaintiff's allegations must be read be in a liberal fashion, his complaint fails to state a claim upon which relief can be granted because his allegations are vague and conclusory. Plaintiff alleges the warden of Bay CF conspired with inmates and staff to harass plaintiff and deny him proper medical treatment. Plaintiff's unsupported assertion of a conspiracy, however, is insufficient to state a claim for relief. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."). Plaintiff has pled no facts suggesting the warden personally participated in a conspiracy to violate plaintiff's rights.

To the extent plaintiff seeks to hold the warden responsible for the acts of prison staff, his claims are also inadequate. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 n. 58 (1978) (*citing Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)).

Case No. 3:14cv594/MCR/CJK

Plaintiff alleges no such circumstances here. Although plaintiff alleges the warden "had full knowledge of plaintiff's issues and refused to address or control his facility" (doc. 20, p. 7), plaintiff has pleaded no facts to support this assertion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth). Plaintiff cannot hold the warden liable for the allegedly unconstitutional conduct of correctional officers and medical staff merely because the warden was their supervisor.

In addition, plaintiff's claims regarding his medical treatment fail because he has not alleged he failed to receive care for a serious medical need. "To prevail on a deliberate indifference to serious medical need claim, [plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (*citing Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir.2007)). First, plaintiff alleges staff performed blood testing on him but did not provide further treatment. Plaintiff, however, has not alleged what condition he suffered from that required treatment. Next, plaintiff alleges he was provided with inadequate treatment when he complained of "ringing inside [his] ears" and "pressure in [his] head." (Doc. 20, p. 8). Although these symptoms may cause discomfort, they do not suggest plaintiff suffered from a serious medical need. Moreover, other than the conclusory assertion that he was provided with inadequate treatment, plaintiff has not indicated how staff responded to his complaints or what effect that response had on his condition. Finally, plaintiff notes medical staff prescribed Milk of Magnesia when he complained that his jaw was "tightening up." (*Id.*). Again, plaintiff's complaints of jaw pain do not suggest he suffered from a

serious medical need. Additionally, plaintiff has not indicated how the prison staff's response affected his condition.

Plaintiff also claims he was subject to verbal harassment by prison staff, including the pastor, who allegedly harassed plaintiff "about issues that existed outside the place of [incarceration]." (*Id.*). Allegations of verbal abuse do not constitute an Eighth Amendment violation. *See Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (noting "verbal abuse alone is insufficient to state a constitutional claim"); *Magwood v. Beem*, No. 4:14cv314–MW/CAS, 2015 WL 796242, *13 (N.D. Fla. Feb. 25, 2015) ("In general, courts have held that verbal harassment, abuse, or taunting is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."). Thus, plaintiff's allegations concerning verbal abuse do not state a claim upon which relief can be granted.

Finally, to the extent plaintiff alleges an Eighth Amendment violation based on an unnamed correctional officer's placement of foreign objects into his food, he has failed to allege enough facts to sustain his complaint. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff simply alleges the warden "had inmates and staff place hair, spit, seamen [sic], rocks and other inappropriate items in plaintiff's food." (Doc. 20, p. 8). Plaintiff has not described a particular guard who was responsible for this act or series of acts. Nor has he has provided an indication of when this practice occurred.[2]

---

[2] The court notes plaintiff's amended complaint also alleged generally that the warden of Dade Correctional Institution "had inmates and staff place hair, spit, seamen [sic], rocks and other

Case No. 3:14cv594/MCR/CJK

Plaintiff's litigation history suggests he has ample experience with the federal court system.[3]  Plaintiff has been provided with two opportunities to amend his complaint to state a viable cause of action.  Much like the second amended complaint, plaintiff's initial complaint (doc. 1) made vague allegations concerning harassment by prison officials.  The initial complaint attempted to bring claims arising from plaintiff's incarceration at six different correctional institutions across a span of fourteen years.  (Doc. 1).  In addition, plaintiff named every employee of each institution as defendants.  (*Id.*).  The court directed plaintiff to clarify his allegations in an amended complaint, advising him that the court could not order the termination of the state employees and his complaint was too vague to constitute a viable complaint. (Doc. 6).  Plaintiff's first amended complaint contained allegations similar to those raised in the current complaint but named the Secretary of the Florida Department of Corrections and the wardens of four different correctional institutions as defendants.[4]  (Doc. 10).  The court informed plaintiff that his complaint failed to establish the causal connection necessary to hold the wardens responsible on a theory

---

inappropriate items into plaintiff's food" from 2007 to 2010.  (Doc. 10, p. 8).

[3] *See Dunn v. Sheriff, Escambia Cty. Sheriff Dep't*, Case No. 3:14cv590/MCR/CJK (N.D. Fla. March 12, 2015) (§ 1983 complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Dunn v. Jones*, Case No. 3:14cv528/LC/CJK (N.D. Fla. Feb. 13, 2015) (petition for writ of habeas corpus dismissed as frivolous); *Dunn v. U.S. Dist. Court for the N. Dist. of Fla.*, Case No. 3:14cv529/LAC/EMT (N.D. Fla. Dec. 9, 2014) (§ 1983 complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted); *Dunn v. Jackson Corr. Inst.*, Case No. 3:06cv354/RV/MD (N.D. Fla. May 21, 2007) (§ 1983 complaint dismissed for plaintiff's failure to comply with an order of the court).

[4] In contrast to the second amended complaint, however, the first amended complaint indicated plaintiff's issues with the prison pastor occurred at Tomoka Correctional Institution, not Bay CF.  (Doc. 10, p. 5-6).

Case No. 3:14cv594/MCR/CJK

of supervisory liability. (Doc. 12). The court also noted that most of plaintiff's claims were barred by the statute of limitations. (*Id.*). The court directed plaintiff to file a second amended complaint and again advised him that he "should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts." (*Id.*, p. 7).

Thus, despite direction from the court on two occasions, plaintiff's allegations remain vague and conclusory. A review of plaintiff's prior litigation excursions suggest that he has repeatedly been informed of this problem and has repeatedly been unable to overcome the type of pleading deficiencies noted herein. The undersigned can only conclude that plaintiff cannot plead facts that constitute a viable claim for relief.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:14cv594/MCR/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:14cv594/MCR/CJK